STATE OF MAINE                                      SUPERIOR COURT
                                                    CIVIL ACTION
ANDROSCOGGIN, SS.    RECEIVED & FILED    DOCKET NO. AP-99-30

MAY 25 2000

ANDROSCOGGIN
SUPERIOR COURT    DONALD L. GARBRECHT
                                                    LAW LIBRARY

                                                    JUL 19 2000

JAMES BERNARD,

           Petitioner

           v.                                       DECISION ON APPEAL

STATE OF MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

           Respondent


Petitioner brings an 80C appeal for review of the final agency action of the State of Maine Unemployment Insurance Commission (Commission). Bernard claims that the Commission erred in setting aside the Administrative Hearing Officer's (AHO) decision thereby disqualifying him from obtaining benefits and also charging an overpayment to his benefit account. He maintains that he did not voluntarily leave his former place of employment, SelCo, as determined by the AHO. Petitioner seeks to have the Commission decision set aside, the AHO's decision reinstated, benefits allowed from April 4, 1999, and to reverse the decision to charge an overpayment to petitioner's benefit account.

Petitioner was employed as a counter salesperson by SelCo which had a practice of banking overtime hours for future compensatory use by the employee. Before leaving for vacation, petitioner requested that his banked overtime hours, including those from the previous year, be paid to him. SelCo paid him for less hours than he had expected. As such, petitioner contacted the Maine Department of

Labor regarding unemployment benefits and the banking of overtime hours. The inquiry was treated as an unemployment claim and the process inadvertently began for the collection of unemployment benefits. In the meantime, SelCo had discovered an error in the amount of overtime paid to petitioner and subsequently adjusted the amount and issued him a check. SelCo then received a "Request for Separation/Wage Information." Petitioner picked up his overtime check and when asked by his employer if he was quitting in light of the "Request for Separation/Wage Information," he returned his key. Petitioner did not affirmatively state that he was quitting when asked by his employer but also did not return to work at SelCo. He later testified that he turned in his key at his employer's request because he thought he had been fired. After a favorable decision by the AHO, Bernard began to receive benefits.

Respondent Commission maintains that it properly determined that petitioner voluntarily left his employment with SelCo without good cause attributable to his employment. Ultimately, the Commission did not find the petitioner to be a credible witness and set aside the AHO's prior decision stating that petitioner was effectively discharged from his employment with SelCo based on the company's initial request for petitioner's key. In contrast, the Commission determined that based on petitioner's failure to correct any misunderstanding as to whether he was leaving his job indicated that he freely chose to leave his employment. In response, petitioner argues that the Commission misapplied the

2

controlling law, made an error of fact and also made findings that have no support in the record and thus committed an error of law.

Petitioner's appeal to the Superior Court is not an opportunity to argue that the AHO's decision was correct, but rather is limited to a determination of whether the Commission "correctly applied the law and whether its factual findings are supported by any competent evidence." *McPherson v. Unemployment Insurance Commission*, 714 A.2d 818, 820, 1998 ME 177, ¶ 6.

The petitioner's plea rests on what he says was the correct factual determination of the AHO and that the Commission was wrong in not making a similar finding.

The unemployment statutes allow either the employee or the employer to seek a review of the AHO's decision in front of the Commission. 26 M.R.S.A. § 1194(3). Under the statute, § 1194(4), the Commission has wide latitude to determine the course to be followed. It can act on its own or upon an appeal of a party. It can "affirm, modify or set aside any decision of the [AHO]." *Id*. It can act on the "basis of evidence previously submitted . . . , direct the taking of additional evidence, or may permit the parties . . . to initiate further appeals." *Id*. In effect, it is not bound by the factual findings of the AHO and may conduct a *de novo* hearing.

The role of the court on appeal is not to review the matter *de novo*, but to examine the record for support of the Commission decision. It is irrelevant that the AHO may have had adequate grounds to find in favor of the employee. This court is limited to an examination of the record before the Commission.

3

The dispute here is solely factual: Did the employee voluntarily leave his position? On review, there is sufficient evidence in the record to support the Commission's decision, even if another factfinder might determine otherwise.[1]

For the reasons stated herein, the clerk will make the following entry as the decision of this court:

Appeal denied.

So ordered.

DATED: May 25, 2000

Thomas E. Delahanty II
Justice, Superior Court

*Eric Menoyo*
*Petitioner*

*Pamela Waite AAG*
*Respondent*

_____

1. On review of this case, it appears to the court that this dispute was precipitated by a clerical error or misunderstanding of an employee at the unemployment office when the petitioner's inquiry about "banking" overtime was processed as a claim for unemployment benefits. At oral argument, the court brought this issue to the attention of counsel and is somewhat distressed at the respondent's bureaucratic comments that it is the role of the Commission to process claims and not to resolve claims through arbitration or mediation even if it is the conduct of a State employee that caused it; however, the employer and employee also ought to share some of the responsibility for a resolution short of several evidentiary hearings and an appeal to the Superior Court.